**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Robin J., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-50117 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank J. Bisignano, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Robin J., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

A.      Procedural History

On February 4, 2022, Robin J. ("Plaintiff") protectively filed an application for disability and disability insurance benefits. R. 17. This application alleged a disability beginning on February 12, 2021. *Id.* The Social Security Administration ("Commissioner") denied her application on November 18, 2022, and upon reconsideration on August 8, 2023. *Id.* Plaintiff filed a written request for a hearing on September 14, 2023. *Id*. On March 21, 2024, a hearing was held by Administrative Law Judge ("ALJ") James MacDonald where Robin J. appeared and testified. Plaintiff was represented by counsel. *Id.* At the hearing, an impartial vocational expert ("VE"), Tobey Andre, also appeared and testified. *Id*.

On April 26, 2024, the ALJ issued his written opinion denying Plaintiff's claims for disability insurance benefits. R. 17-24. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). On March 3, 2026, the parties consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [27]. Now before the Court are Plaintiff's motion to reverse and remand the Commissioner's decision [15] and the Commissioner's motion for summary judgment and response to Plaintiff's motion [19]. Plaintiff also filed a reply brief [28].

B. The ALJ's Decision

In his ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that while Plaintiff had earnings from income after the alleged onset date, the earnings were not enough to meet the definition of disqualifying substantial gainful activity. Therefore, the ALJ found that claimant had not engaged in substantial gainful activity. R. 19. At step two, the ALJ found that Plaintiff had the severe impairment of bilateral shoulder dysfunction (right shoulder rotator cuff tear). 19-20. The ALJ found that this impairment significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 21.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work except that she is limited to lifting up to 10 pounds; can frequently push/pull with the bilateral upper extremities; cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can frequently reach with the bilateral upper extremities in all directions; and cannot be exposed to extreme cold or extreme heat. R. 21-23. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a courthouse clerk. R. 24. The ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from February 12, 2021, through the date of decision, April 26, 2024. R. 24.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cain v. Bisignano*, No. 24-1590, 2025 WL 2202133, at *3 (7th Cir. Aug. 4, 2025) (quoting *Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023)). "Substantial evidence is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 97, 103 (2019) (citations omitted). "Whatever the meaning of 'substantial' in other contexts," the Supreme Court has emphasized, "the threshold for such evidentiary sufficiency is not high." *Crowell*, 72 F.4th at 813 (quoting *Biestek*, 587 U.S. at 103) (citation modified). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *id*. at 814 (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013). As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054 (citation modified).

The court will only reverse the decision of the ALJ "if the record compels a contrary

2

result." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) (citation modified) (citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). The court's "review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Id*. Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citation modified) (citations omitted); *see also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff argues that the ALJ impermissibly "played doctor" by finding medical testing and imaging inconsistent with a finding of disability, and by improperly discounting the opinion of treating physician Dr. Marko Krpan.[1] The Court concludes that the ALJ did not impermissibly "play doctor" and his findings were supported by substantial evidence.

Plaintiff argues that the ALJ frequently substituted his lay opinion for that of the medical professionals in the record. As an example, Plaintiff notes that the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. Plaintiff argues that the ALJ did not have the benefit of a testifying physician by failing to call one at the hearing to assist in making this determination. Plaintiff further argues that the ALJ opined that Plaintiff's treatment improved her conditions, and that this conclusion was unsupported. Plaintiff also argues that the ALJ played doctor by determining that Plaintiff's medical care was "routine and conservative." The Court is not persuaded by these arguments.

First, Plaintiff's argument that the ALJ needed the opinion of a medical professional at the hearing is unavailing. "[A]n ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). "This is because the RFC determination 'is a legal – and not a medical – decision that is exclusively within the ALJ's authority to make.'" *John S. v. Bisignano*, 2025 WL 1505405, at *3 (N.D. Ill. May 27, 2025) (quoting *Michael B. v. Berryhill*, 2019 WL 2269962, at *6) (N.D. Ill May 28, 2019)). The Court finds the ALJ was not required to call a medical professional at the hearing. Second, Plaintiff complains that the ALJ opined without support that Plaintiff's treatment improved her conditions. However, the ALJ did note that the record bears out that Plaintiff reported her condition improving, and this is a fact the ALJ may take into consideration. *See* 20 C.F.R. 404.1529(c)(3)(v) ("Factors relevant to your symptoms, such as pain, which we will consider include:…Treatment, other than medication, you receive or have received for relief of your pain or other symptoms."). *Dante B. v. Kijakazi*, 2022 WL 3926050, at *9 (N.D. Ill. Aug 31, 2022) ("[i]mprovement *is* a relevant factor that ALJs may consider." (emphasis in original)). *Conor B. v. Kijakazi*, 2022 WL 4079461, at *10 N.D. Ill. Sept. 6, 2022) (it was "proper for the ALJ to consider the course and effectiveness of Claimant's treatment."). As noted by the Commissioner, post-surgery, Plaintiff reported that she

---

[1] Plaintiff's opening brief included an additional argument. However, Plaintiff withdrew this argument in their reply brief. Therefore, the Court addresses only the remaining argument.

3

was improving. R. 22. Third, Plaintiff argues the ALJ played doctor by determining that her medical care was "routine and conservative." However, in her brief, Plaintiff fails to point to any place in the ALJ opinion where the ALJ determined that Plaintiff's medical care was "routine and conservative." "Perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (citations and quotations omitted). This portion of Plaintiff's argument is waived.

Additionally, Plaintiff argues that the ALJ improperly discounted the opinion of Plaintiff's treating physician, Dr. Marko Krpan. The decision reflects that Dr. Krpan treated Plaintiff's shoulder impairment and concluded that Plaintiff had work restrictions including, among other things, lifting, carrying, standing, and walking. R. 23. In his decision, the ALJ states: "I find Dr. Krpan's opinion not persuasive as it is not supported by the overall record; including limitations in sitting, standing and walking when claimant has no severe impairment affecting her lower extremities or lower back." *Id*. Plaintiff argues the ALJ played doctor by drawing a conclusion that only a condition that would impact Plaintiff's lower extremities or back would allow for limitations while sitting.

The ALJ found Dr. Krpan's opinion as to limitations in standing, sitting, and walking unsupported and inconsistent with the medical record as a whole. R. 23. The ALJ noted that there were no physical examinations that showed radiculopathy or spinal stenosis, or any other finding that would warrant a limitation in Plaintiff's use of her lower extremities for work. The ALJ did accept Dr. Krpan's opinion as to limiting Plaintiff in the use of her upper extremities for work activity as it would relate to reaching. He also accepted Dr. Krpan's opinion in that Plaintiff could never climb ladders and could only occasionally climb stairs, restricting her from ladders, ropes, or scaffolds, and only occasional ramps or stairs. While Plaintiff argues that it is her shoulders that cause problems with sitting, she does not provide record evidence to support this conclusion and only now relies on her hearing testimony and arguments contained in her briefs. Based on this, the ALJ was free to limit his acceptance of Dr. Krpan's opinion as to Plaintiff's ability to stand, sit, and walk. *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) ("The ALJ permissibly discounted Zoch's testimony of incapacitating pain because it conflicted with the objective medical evidence and most of the record."). Moreover, this Court's "review is deferential; [it] will not reweigh evidence…resolve conflicts or decide questions of credibility." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citations and quotations omitted). The Court cannot find error in the ALJ's assessment of Dr. Krpan's opinion. This Court will not "substitute its judgment for the ALJ's with respect to how to assess the medical opinions." *Joseph K. v. O'Malley*, 2024 WL 3888810, at *4 (N.D. Ill. Aug. 20, 2024). The Court finds the ALJ did not impermissibly "play doctor" and his decision is grounded in sufficient support. *See Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025) (The court's review "proceeds with a light touch – not holding ALJs to an overly demanding evidentiary standard and in turn reinforcing that claimants bear the affirmative burden of proving their disability.").

Finally, Plaintiff points out to the Court that the ALJ's opinion here is brief ("…the ALJ's short 8-page decision..." [15], p. 6). However, the Court's review of the ALJ's decision is not based on page length. As is well-settled, the ALJ's decision will be affirmed if it is supported by substantial evidence "which means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The threshold for such evidentiary sufficiency is not high. ALJ's

are subject to only the most minimal of articulation requirements and need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Alisa D. v. Dudek*, 2025 WL 963919, at *2 (N.D. Ill. March 31, 2025). Here, the ALJ did enough to "provide a logical bridge from the evidence to his conclusion." *Warnell*, 97 F.4th at 1054 (citations and quotations omitted). The ALJ did not "play doctor," but adequately reviewed the record and made reasonable conclusions based on the evidence.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to reverse and remand the Commissioner's decision [15] is denied and the Commissioner's motion for summary judgment [19], is granted.

Date: March 12, 2025                    ENTER:

_Margaret J. Schneider_
United States Magistrate Judge